IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

APR 21 2009

JOHN PAUL THOMAS,

        Plaintiff,

MATTHEW J. DYKMAN
CLERK

v.                                        No. CV 09-0293 RB/WPL

DOÑA ANA COUNTY DISTRICT ATTORNEY,
DOÑA ANA COUNTY ASSISTANT
DISTRICT ATTORNEY MICHELLE E. PICKETT,
STATE OF NEW MEXICO PUBLIC
DEFENDER JOHN BIGELOW, AND
A DOÑA ANA COUNTY ASSISTANT
PUBLIC DEFENDER,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF REMAND

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's removed complaint. Plaintiff is incarcerated and appears pro se. The documents submitted by Defendants, *cf.* D.N.M.LR-Civ. 81.1(a), do not indicate whether Plaintiff was granted indigent status in the state court proceeding. Defendants paid the filing fee. For the reasons below, Plaintiff's federal claims will be dismissed and the case will be remanded.

Under § 1915A(a), (b),

> The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall identify cognizable claims or dismiss the complaint . . . if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief.

The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint asserts claims against state prosecutors and public defenders. Plaintiff alleges that Defendants committed a number of tortious acts against him during his state criminal proceeding. The complaint does not expressly assert violations of federal law or constitutional protections. Defendants removed the action on the basis of Plaintiff's allegations that a public defender tricked one of the state co-defendants to sign a plea deal, thereby "depriv[ing] his client his due process rights. . . . and placed the plaintiff's safety and character in jeopardy of harm." (Compl. ¶ 15.) It is assumed for purposes of this opinion that these allegations implicate Plaintiff's protections under the Eighth or Fourteenth Amendment, for which the provisions of 42 U.S.C. § 1983 authorize litigation of claims.

With respect to the named Defendants, first, the state prosecutors are immune to Plaintiff's complaint. In *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), the Supreme Court held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." The Court will dismiss Plaintiff's federal claims against the state prosecutor Defendants.

And second, a complaint under § 1983 must allege facts demonstrating the two elements of the statute: that a federal right was violated and that the deprivation was caused by a person acting "under color of state law." *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932

F.2d 883, 890 (10th Cir. 1991). In the absence of a factual basis for either element a complaint does not state a claim under § 1983. *See, e.g., Baker v. McCollan*, 443 U.S. 137, 140 (1979) (stating that a civil rights complaint must allege a violation of a federally protected right); *Polk County v. Dodson*, 454 U.S. 312, 316 (1981) (noting that plaintiff must allege violation was committed by person acting "under color of state law"). Case law is clear that a public defender undertaking a defense does not act under color of state law for purposes of § 1983. *Polk County*, 454 U.S. at 325; *Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995). The Court will dismiss Plaintiff's federal claims against the state public defender Defendants.

As noted above, Plaintiff's complaint expressly invokes state tort law. In view of the dismissal of Plaintiff's federal claims against the Defendants, the Court will decline to exercise supplemental jurisdiction, 28 U.S.C. § 1367(a) & (c), of the state law claims. The Court may "decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." § 1367(c); *cf. Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003) (Hartz, J., concurring) ("dismissal with prejudice . . . might not preclude the plaintiff from proceeding in state court"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 215-217 (2007). Under § 1367(c)(3), the Court declines to exercise jurisdiction of Plaintiff's state law claims and will remand Plaintiff's remaining claims.

IT IS THEREFORE ORDERED that Plaintiff's federal claims against Defendants are DISMISSED with prejudice, and Plaintiff's complaint is REMANDED to the New Mexico Fifth Judicial District Court, County of Lea.

_____
UNITED STATES DISTRICT JUDGE